## TALCOTT v. JANASSON et al.

(Supreme Court, Appellate Term. January 7, 1904.)

1. COMPOSITION AGREEMENTS—EFFECT.
    Where a creditor entered into a composition agreement with his debtor, the creditor could not thereafter sue on the original debt.

2. SAME—HARMLESS ERROR.
    Where a creditor erroneously sued his debtor on the original debt after having made a composition agreement with him, the creditor could not object on appeal that the jury rendered a verdict in his favor for only the amount he was entitled to under such agreement.

Appeal from City Court of New York, Trial Term.

Action by James Talcott against Meyer Janasson and others. From a judgment of the New York City Court in favor of plaintiff for less than the relief demanded, and from an order denying his motion for a new trial, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Bunnell & Bunnell (Henry B. Gayley, of counsel), for appellant.
Hays & Hershfield (I. Gainsburg, of counsel), for respondents.

FREEDMAN, P. J. The action was brought by the plaintiff to recover the sum of $1,734.91 for goods sold and delivered. The answer of the defendants admitted the allegations of the complaint, but set up as a defense a composition agreement. At the trial the question was sharply litigated whether the plaintiff did enter into the composition agreement as claimed by the defendants, and it was submitted to the jury with the instruction that the burden was on the defendants to establish their affirmative defense by a preponderance of evidence. They were further charged, in effect, that, if they found that the composition agreement was entered into, it was their duty to find a verdict for the defendants, but, if they found that the defendants had not established their defense by a preponderance of evidence, it was their duty to render a verdict for the plaintiff for the full amount. The court expressly declined to charge, as requested by the plaintiff, that the jury could find a verdict for $650, the amount due under the composition agreement, if made. Upon the evidence as disclosed by the record the case was clearly one for the jury, and it was properly and correctly submitted to them. When such an agreement is entered into, it supersedes the original claim, and thereafter, until some default is made by the debtor, the creditor can sue only on the composition agreement. In the case at bar the plaintiff had sued on his original claim, and not on the composition agreement, and hence, if the jury found that such an agreement was entered into, the defendants were entitled to an absolute verdict in their favor. By their verdict they must be deemed to have found that the plaintiff duly entered into the composition agreement, and the fact that at the same time, and contrary to the charge of the court, they ren-

¶ 1. See Compositions with Creditors, vol. 10, Cent. Dig. § 50.

dered a verdict in favor of the plaintiff for $650, the amount due under such agreement, is a matter of which the plaintiff cannot complain. As the defendants did not appeal, the error in that respect may be disregarded. Moreover, the plaintiff did not move to set aside the verdict upon the ground that the jury was not justified in finding one for $650, and as matter of fact he asked for and received an extra allowance of 5 per cent. upon the amount of the verdict as rendered. Upon the whole case no error appears for which a new trial should be granted to the plaintiff.

Judgment and order should be affirmed, with costs. All concur.